MATHEWS, Justice.
In this case the Court entered a final decree reading in part as follows:
“This cause coming on to be heard upon the bill of complaint filed herein by plaintiff, and answer of the defendants, and testimony submitted by the parties, and after argument of counsel and the Court being fully advised in the premises, the Court finds that the plaintiff by its proofs, has substantially established the allegations of the bill of complaint, and it further appears unto the Court that the defendants’ picketing is peaceful, and the Court is of the opinion that it is without authority to enjoin said Union from picketing the plaintiff’s place of business so long as said picketing is conducted in a peaceful fashion, and for a legal purpose and the Court is of the opinion that the purpose of said picketing, or the reason why the defendants’ engaged in said picketing, is totally immaterial and does not confer authority on this Court to enjoin such conduct. It is therefore
“Ordered, adjudged and decreed that the temporary injunction heretofore granted be and the same is hereby dissolved.”
After having heard the testimony the Court found that the plaintiff “by its proofs, has substantially established the allegations of the bill of complaint”. The plaintiff alleged in the bill of complaint that the picketing was for the purpose of coercing the appellant to sign a contract with the Union as its authorized bargaining representative for the employees of the appellant so that the Union would be able to use such contract to compel.the employees to become members of the Union; that only five employees of the appellant, being bartenders, were members of the Union and the remainder were not members and had not determined to become members thereof; that the Union did not desire a contract for the five bartenders, who were members of the Union, because such bartenders were then receiving wages in excess of the Union scale. It is apparent by the wording of the final decree the Chancellor found that the'plaintiff had established these allegations of the bill of complaint.
The Court found that the picketing was peaceful. Neither side complains *671 about this finding. The Court then, in the final decree, stated that in its opinion it is without authority to enjoin the said Union from picketing the plaintiff’s place of business “so long as said picketing is conducted in a peaceful fashion, and for a legal purpose”. The Court did not find that the picketing was for a legal or illegal purpose. It simply made no finding upon this question. The reason for not making a finding appears in the final decree when the Court stated that it “is of the opinion that the purpose of said picketing, or the reason why the defendants engaged in said picketing, is totally immaterial”. Even if the picketing is peaceful, if the purpose or reason for the picketing is illegal, then the picketing may be enjoined.
F.S. § 447.09, F.S.A., makes it unlawful for any person to coerce or intimidate any employee in the enjoyment of his legal rights, including those guaranteed in F.S. § 447.03, F.S.A., which is as follows:
“Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection.”
In the case of Local Union No. 519, etc. v. Robertson, Fla., 44 So.2d 899, this Court held that the picketing was for an unlawful object and an injunction was proper.
In the case of Miami Typographical Union No. 430 v. Ormerod, Fla., 61 So.2d 753, this Court held that the Circuit Court in Dade County was correct in deciding that picketing in that case was not for the purpose of informing the public of differences which probably existed between the Union and the Miami Herald, but that the real purpose of the picketing was unlawful in that it was designed to force an employer to coerce its employees to join the appellant Union or to designate it as their bargaining agent.
In this case the Court was in error in holding that the purpose or reason for the peaceful picketing was totally immaterial. Although the Chancellor in his final decree finds that the plaintiff by its proofs has substantially established the allegations of the bill of complaint, there is no specific finding that the purpose or reason for the picketing was illegal. The failure to make a specific finding on this vital question was no doubt due to a misinterpretation on the part of the Chancellor that the purpose or reason was totally immaterial. There should be a finding on the question of whether the purpose or reason for the picketing was legal or illegal, and then a proper decree should be entered, based upon a finding upon this vital question, together with the further finding about which there is apparently no dispute, that the picketing was peaceful.
Reversed for further proceedings in accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.