**INTERNATIONAL COMPANY, Inc., et al v. HOTEL EMPLOYEES UNION, LOCAL #255, et al.**

Circuit Court, Dade County.

May 20, 1955.

Patton & Kanner, Miami, for plaintiffs.

Gramling & Gramling, Miami, Warren, Klein & Moore, Miami Beach, for defendants.

CHARLES A. CARROLL, Circuit Judge.

Plaintiffs' application for preliminary injunction came on for hearing before the court, after notice, on the sworn bill of complaint, 38 affidavits filed by plaintiffs in support of the application and 53 counter-affidavits filed by defendants in opposition to the application. Arguments of counsel for the respective parties were heard.

Whereupon, it is ordered that the application and prayer for a preliminary injunction is granted, first, because there is violence and minatory conduct disqualifying the picketing, under Florida Statutes, section 447.09, subsections (11), (12) and (13), and, secondly, because defendants brought about and are participating in a walkout and strike without the same having been authorized be a required majority vote of the affected employees, prohibited by subsection (3) of section 447.09, the picketing and its attendant activities being the principal means of effecting and continuing the unlawful walkout and strike.

This suit was filed by the corporate owner and operator of a Miami Beach hotel and by several of the employees thereof. The property involved is the Empress Hotel and Cabana Club at no. 4333 Collins Avenue. Defendants are a local union, Hotel Employees Union, Local no. 255, of the American Federation of Labor, and several of its officers and agents.

The bill, filed May 10th, includes allegations that no labor dispute exists, and that there have been no employee complaints as to wages and working hours and conditions. In a lengthy manner the bill alleges, in substance, that defendants do not represent a majority of the employees; that the defendants, in an effort to "organize" the hotel's employees for the union's benefit, have intimidated the help in numerous ways and have caused a stoppage of work and

a strike, unlawfully; that the picketing involved is thus unlawful, and attended by violence and intimidation.

*First, as to violence:*

On consideration of the sworn bill and the affidavits and counter-affidavits, this court finds that there have been half a dozen or more clashes between pickets and employees. Each side claims they were provoked by the other. Defendants argued strenuously for the showing in their counter-affidavits that the plaintiffs' employees were responsible for the clashes; that the defendant union wanted its picketing to be peaceful and not otherwise; and that it was to the advantage of the hotel owner for its employees to have fights with the pickets to furnish a basis for claiming violence on which to seek an injunction against the picketing. But the court is inclined to the view that defendants' or pickets were responsible for the fights, in the main, for two reasons—(1) because there was a general practice among the pickets and those working with them to curse the employees and to call them names which usually bring on a fight, and (2) because defendants' contention against violence is inconsistent with the grouping of off-duty pickets and other persons in cars or on bus-stop corners nearby, occasional threats "to get" an employee within his hearing and following an employee's car after such a threat, the photographing of employees entering or leaving the premises, and picketing in a manner to hinder, if not actually obstruct, passage of persons and vehicles at times at entranceways or driveways, all of which I find to have been present to some substantial degree.

Subsection 13 of section 447.09 makes it unlawful to engage in picketing "by force and violence" or, so as "to prevent ingress and egress to and from the premises" and also to picket "other than in a reasonable and peaceful manner."

The excuse and basis for picketing is to disseminate information under the guarantee of free speech, but the recital of such a legal slogan should not dull judicial senses to a point where a court cannot recognize that action for which there is a valid basis may be misused and actually intended for an unauthorized purpose. Thus, regardless of what information the pickets dispensed, where the picketing is conducted in a manner which contains enough violence from time to time to give the impression that violence may erupt at any minute, enough interference to make one uneasy in passing to and fro, enough threats or threatening manner toward employees to cause fears in the average employee, and where it appears backed by captains or bosses and groups posted nearby

and within view, amounting to further psychological intimidation, the whole process adds up to an undertaking in the nature of force and coercion and amounts to unlawful picketing, under subsections 11 and 13 of section 447.09.

*Second, as to legality of the strike*:

Even if the picketing were proper in itself, it is the gimmick, the main implement of a walkout and strike in this instance. If the walkout and strike are unlawful, picketing and other acts incident thereto must be enjoined.

Through the bill and supporting affidavits, the plaintiffs contend that there is no labor dispute, that its employees are not members of the union and not represented by the defendant union. Through the counter-affidavits, defendants contend that the defendant union represents a great majority of the employees and is entitled to act for them as their bargaining agent.

It appears that there has not been any election designating the defendant as bargaining agent, and that the plaintiff owner has refused to recognize the defendant as such. It further appears that upon refusal of the management to recognize and negotiate with the union that the defendant union caused a picket line to be commenced and its agents to enter the premises and seek to induce the employees to quit work and strike and called upon and did induce a number of the employees to quit work and strike, and that some such workers have taken part in the picket line together with outsiders. I find that there has been a walkout of a substantial number of employees; that it was induced by the defendant union, that there is a strike, and that the fact that what is going on is a strike and that the defendant union is causing and handling the strike is common knowledge in this community and elsewhere. I find that the picketing and other activities incident thereto and above described are the principal factor in producing, causing and continuing the walkout and strike, and I find that the strike is having an adverse effect on the operation of the business of the plaintiffs, both operationally and financially.

In the argument on this matter counsel for defendants took the position that the union was entitled to use the pickets and do what it was doing in its effort to bargain for those employees whom it represented (claiming, but not having shown, that it represented the great majority thereof). It is important to note that this picketing and effort of the union is not for the purpose of inducing employees to join the union, not for the purpose of becoming the bargaining agent (compare Whitehead v. Miami Laundry Co.

(Fla.), 36 So. 2d. 382) but defendants claim the union is entitled to cause and take part in a walkout and strike for the purpose of inducing or forcing the hotel owner to negotiate with the union as the representative of employees.

That brings the question into sharp focus, and it is simply whether striking (and picketing as a part thereof) for the purpose just stated is lawful or unlawful under the Florida statute.

The answer is easy. It is unlawful. Under section 447.09 (3) of the Florida Statutes it is made unlawful for *any person* to participate in any strike or walkout without the same being authorized by majority vote of the employees to be governed thereby. It is clear that there has been no such majority vote of the employees for the strike. It is well settled that picketing and striking activities may be enjoined where they are for a purpose which is unlawful. See Local Union No. 519 v. Robertson (Fla.), 44 So. 2d. 899; Miami Typographical Union No. 430 v. Ormerod (Fla.), 61 So. 2d. 753; and Treasure, Inc. v. Hotel and Restaurant Employees and Bartenders Union, etc. (Fla.), 72 So. 2d. 670.

Accordingly, it is ordered as follows—

1. That the defendants, and each of them, and their servants, agents, officers, organizers and employees, or anyone acting in conspiracy with the defendants, be and they are hereby enjoined and restrained from picketing or causing to be picketed the Empress Hotel and Cabana Club, its environs or approaches.

2. That the defendants, and each of them, and their servants, agents, officers, organizers and employees, or anyone acting in conspiracy with the defendants, be and they are hereby enjoined and restrained from carrying or causing to be carried any signs, placards or propaganda of any nature, kind or description in front of the Empress Hotel and Cabana Club, its environs or approaches.

3. That the defendants, and each of them, and their servants, agents, officers, organizers and employees, or anyone acting in conspiracy with the defendants, be and they are hereby enjoined and restrained from publishing or causing to be published any statements to the effect that a strike or lockout is in effect at the Empress Hotel or Cabana Club, or that the plaintiff, International Company, Inc., refuses to negotiate or recognize the defendants as a collective bargaining agent of the employees of the Empress Hotel.

4. That the defendants, and each of them, and their servants, agents, officers, organizers and employees, or anyone acting in

conspiracy with the defendants be and they are hereby enjoined and restrained from molesting, interfering with, intimidating, coercing or directing any violence toward the plaintiff, International Company, Inc., its property, its employees or servants.

5. The plaintiffs, or one of them, shall file herein an injunction bond, payable to the defendants in the principal amount of $2,000, with good and sufficient surety to be approved by the clerk of this court, and conditioned as required by law, to pay all costs, damages and expenses which may be suffered by defendants by reason of the issuing of said injunction, if the injunction shall be dissolved or if the bill upon which it was granted be dismissed.

6. This order shall remain in force and effect pending this cause and until further order of this court.