92 So.2d 415 (1957)
FONTAINEBLEAU HOTEL CORP., a Florida corporation, Petitioner,
v.
HOTEL EMPLOYEES UNION, LOCAL NO. 255 (A.F. of L.), and Clarence L. Smith, Albert H. Berlin and Henry K. Michel, as business agents and officers thereof, Respondents.
Supreme Court of Florida, en Banc.
February 1, 1957.
*417 Weldon G. Starry, Tallahassee, Sibley & Davis and Thomas H. Barkdull, Jr., Miami Beach, for petitioner.
J.W. Brown, Cincinnati, Ohio, Warren E. Hall, Jr., De Land, and Gramling & Gramling, Miami, for respondents.
TERRELL, Chief Justice.
December 21, 1955, petitioner filed a sworn petition in the Circuit Court of Dade County on the basis of which temporary restraining order was directed to respondents commanding them to desist from picketing the Fontainebleau Hotel. January 30, 1956, after answer of defendants was filed, the cause came on for hearing before the chancellor; evidence was taken and the temporary restraining order was dissolved. We are confronted with a petition for certiorari to review and quash the order dissolving the temporary injunction.
Petitioner first contends that respondents did not represent its employees, that petitioner was not notified of any labor grievance prior to the picketing, nor was it given the object to be accomplished by the picketing or a reasonable time to accept or reject the union demands.
Sections 447.01(1, 2), 447.03 and 447.09(3, 4, 11), Florida Statutes 1955, F.S.A., are relied upon to support petitioner's grounds for relief. Section 447.01(1, 2) is a statement of policy with reference to the regulation of labor unions, their agents, employees and other representatives. Section 447.03 guarantees laborers the right to organize and join a union, to bargain collectively, including acts for mutual aid and protection. Section 447.09(3, 4, 11) preserves the right of franchise but makes it unlawful to participate in any strike, walkout or cessation of labor or continuation thereof unless authorized by a majority vote of the employees affected. It requires elections to strike or cease work to be by secret ballot. It is made unlawful to intimidate a workman or his family in the enjoyment of these rights, to picket his domicile or to injure his person, property or that of his employer or family. Collectively, these statutes require that all employer-employee relations be conducted decently and in order.
At the outset it is shown that the trial court was confused about what this court *418 had in mind in Boca Raton Club v. Hotel Employees Union, Local No. 255 (A.F. of L.), Fla., 83 So.2d 11, when it stated that the union, prior to strike, should show that it represented "at least some of the employees." The reason for the expression "at least some of the employees" was that in that case it was not shown that the union represented any of the employees prior to the strike. The quoted expression was a mere expletive of the situation before the court and has no relevance to this case.
It is not amiss to point out that there are circumstances in which the right to picket is an aspect of freedom of speech and may not be infringed. A.F. of L. v. Swing, 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 855; Whitehead v. Miami Laundry Co., 160 Fla. 667, 36 So.2d 382, and others. In Sax Enterprises v. Hotel Employees Union, Local No. 255, Fla., 80 So.2d 602, 605, and in other cases, we have called attention to the law placing limitations on picketing by requiring that it be peaceful, that the union must show that it represents the employees, that the employer must have been told of the object to be accomplished by the picketing and afforded an opportunity to negotiate whatever differences there may be or impediments there are to accomplish the objective of the picketing.
At the trial and on appeal the law governing picketing and that governing the right to strike were confused. As to the latter, Section 447.09(3), Florida Statutes, F.S.A., requires that strike be approved by a majority vote of the employees to be governed thereby. No such requirement exists as to picketing. It cannot be initiated, however, for spite or for reasons other than to accomplish a lawful purpose and then the law, order and decency require that it be done in an atmosphere conducive to reaching a result that is fair to the employer, the employees and the public. If attempted in an atmosphere of violence, insinuation, bad faith, deception, farce or damned-if I-don't show-you spirit, it should not be recognized as a means of adjusting labor disputes. Satisfactory, fair or equitable judgments never emerge from such an atmosphere. Picketing conducted in such an environment, as we stated in Sax Enterprises v. Hotel Employees Union, Local No. 255, supra, is nothing more than a "`species of coercion traveling under the guise of [free] speech for the purpose of enjoying constitutional immunity.'" It was widely at variance from the pattern confronting the court in A.F. of L. v. Swing, supra.
The correspondence conducted between petitioner and respondents, as well as the evidence taken at the trial, exhibit bad faith, a lack of respect one for the other, a tense feeling between them and a disposition to haggle over the issues if there were any. We find little or no evidence to support the truth of the legend borne on the placard carried by the picketers, "This hotel unfair. Hotel Employees Union, Local 255, American Federation of Labor, 1575 Washington Avenue, Miami Beach." For all the record shows, the placard was a misrepresentation and was unfair to the petitioner. There is showing of intimidation by representatives of respondents to impede petitioner's employees in going to work. The picket line was thrown up before there was showing of any lawful grievance against petitioner and the picketers are not shown to have refrained from abuse to patrons entering the hotel or laborers working there. There is showing that about 200 of the approximately *419 1,000 employees of the hotel signified the union as their bargaining agent prior to December 21, 1955, the day picketing started.
The correspondence between petitioner and respondents was commenced November 30, 1955, and was concluded January 6, 1956. In sum it charges: (1) That the picket line was thrown up without any pre-existing honest or forthright attempt to bring about negotiations between an authorized bargaining agent and the employer because of a bona fide labor dispute existing between the parties. (2) The picket line was thrown up before affording any fair opportunity to engage in negotiations. (3) Prior to picketing it was not shown by evidence of substantial character that the union was the authorized bargaining agent of the employees. (4) Under the law of this state the employer is required to negotiate with the true representative of the employees and the unsupported statement of a labor organizer is an insufficient showing to justify the employer in dealing with the alleged bargaining agent. It is not sufficient to establish even in court, after picketing is a reality, that the putative bargaining agent had in fact, prior to picketing, been so designated by an insignificant number or for that matter a majority of the employees. Boca Raton Club, Inc. v. Hotel Employees Union, Local No. 255, supra. (5) Prior to organizing a picket line, respondents failed to furnish evidence of substantial character that any employees had chosen it as their representative and offered the employer no opportunity to negotiate. (6) The employer has never been informed of the subject for negotiation, not only that, but respondents have attempted to coerce employer to participate in conduct prohibited by law. (7) Respondents do not represent the employees of the petitioner as their bargaining agent.
Respondents deny or evade these charges but the evidence supports most of them. The law of this state regulating picketing was designed to protect the laborers, the proprietors, and the public. All have a stake in the proper regulation of employer-employee relations. This court has in several cases discussed the prerequisites to good labor relations. Under the statute, Section 447.09(12, 13) and other provisions thereof, picketing contemplates a labor dispute; it should not be conducted beyond the area of the industry or business where the labor dispute arises; it should not be done by force or violence; nor should it be done in such a manner as to prevent ingress and egress to and from any premises and it must be done in a peaceful manner. If done in aid of a strike, walkout, cessation of work or continuation thereof, it must be approved by a majority vote of the employees. Absent these requirements it is not necessary to determine at this time what percentage of the employees should participate in lawful picketing
From a study of the record it is not conclusively shown that any bona fide labor dispute existed at petitioner's hotel. Only two of its employees participated in the picketing; in fact they did not know of the purpose of the picketing. It is not shown that there was any dissatisfaction with working or other conditions at the hotel. The record as a whole indicates that the picketing was precipitated by the union for the purpose of requiring both the petitioner and its employees to recognize it as the representative of said employees. It was accompanied by acts of violence or near violence condemned by the statute. The gravamen of the picketing is not shown to have originated within the confines of petitioner's hotel.
When a bona fide industrial grievance arises, legal and orderly picketing may be indulged in, but the law places limitations on it. It condemns violence, *420 manhandling, the use of the club or the Black Maria. It provides an orderly process to conduct it and it contemplates that both parties will cooperate to bring about a solution advantageous to all concerned.
Nothing contained herein shall be construed as prohibiting any number of employees less than a majority from engaging as individuals (as distinguished from representatives of a labor union) in lawful picketing for the purpose of truthfully acquainting the public with their grievances, provided that prior thereto they shall have complied with the prerequisites to lawful picketing set forth in our opinion in Sax Enterprises v. Hotel Employees Union Local No. 255, supra. In this opinion we are dealing exclusively with the right of a labor union which has been designated as the bargaining agent of less than a majority of employees of a given employer, and we hold merely that the union as such, and as distinguished from the individual employees, may not, under the circumstances presented here, engage in picketing by use of the members of the union as pickets who are not employees of the subject employer.
We are convinced that so much that the law requires as a prerequisite to picketing was ignored in this case that respondents are entitled to no relief at the hands of this or any court. It follows that certiorari should be, and is hereby, granted and the judgment appealed from is quashed.
It is so ordered.
HOBSON, DREW, THORNAL and O'CONNELL, JJ., concur.
THOMAS and ROBERTS, JJ., not participating.