HOTEL EMPLOYEES UNION, LOCAL NO. 255, ET AL.
*v.* SAX ENTERPRISES, INC., ET AL.

No. 5.  Argued November 10, 1958.—Decided January 12, 1959.†

*Arthur J. Goldberg* and *David E. Feller* argued the causes and filed a brief for petitioners.

*Marion E. Sibley* and *Thomas H. Anderson* argued the causes for respondents.  With them on the brief were *Thomas H. Barkdull, Jr.* and *Samuel J. Kanner.*

PER CURIAM.

The judgments of the Supreme Court of Florida in these twelve consolidated cases must be reversed.  They all concern the power of the courts of Florida to enjoin organizational picketing at twelve Florida resort hotels. After a series of decisions in regard to these and related cases,* the Florida Supreme Court, in identical *per curiam* opinions, affirmed the issuance of permanent injunctions against the picketing.

---

†Together with No. 6, *Hotel Employees Union, Local No. 255, et al.* v. *Levy et al., doing business as Sherry Frontenac Hotel, et al.,* also on certiorari to the same Court.

*Sax Enterprises, Inc.,* v. *Hotel Employees Union,* 80 So. 2d 602; *Boca Raton Club, Inc.,* v. *Hotel Employees Union,* 83 So. 2d 11; and *Fontainebleau Hotel Corp.* v. *Hotel Employees Union,* 92 So. 2d 415.

The Florida courts were without jurisdiction to enjoin this organizational picketing, whether it was activity protected by § 7 of the National Labor Relations Act, as amended, 29 U. S. C. § 157, *Hill* v. *Florida ex rel. Watson,* 325 U. S. 538, or prohibited by § 8 (b)(4) of the Act, 29 U. S. C. § 158 (b)(4), *Garner* v. *Teamsters Union,* 346 U. S. 485. See *Weber* v. *Anheuser-Busch, Inc.,* 348 U. S. 468, at 481. This follows even though the National Labor Relations Board refused to take jurisdiction, *Amalgamated Meat Cutters* v. *Fairlawn Meats,* 353 U. S. 20. The record does not disclose violence sufficient to give the State jurisdiction under *United Automobile Workers* v. *Wisconsin Board,* 351 U. S. 266. In none of the twelve cases did the Florida trial courts make any finding of violence, and in some an affirmative finding of no violence was made.

Since it was stipulated below that a witness would testify that interstate commerce was involved in the Florida resort hotel industry, and since the parties asked that "Final Decree be entered by the Chancellor upon the record as now made in the light of this Stipulation," we find it unnecessary to remand for consideration of that question. See *Hotel Employees Local No. 255* v. *Leedom,* 358 U. S. 99. Other questions raised by respondents are either without merit or irrelevant to this disposition of the cases.

*Reversed.*