BRAND ET AL. *v.* JOHN C. GROUB CO., INC., ETC.

[No. 19,013. Filed April 20, 1959.]

*Edward J. Fillenwarth* and *Gregg, Fillion, Fillenwarth & Hughes,* of Indianapolis, for appellants.

*Edward P. Elsner,* of Seymour, *Paul Y. Davis* and *Davis, Hartsock & Wright,* of counsel, of Indianapolis, for appellee.

BIERLY, J.—This is an appeal from an interlocutory order and judgment of the Jackson Circuit Court entered February 6, 1957, temporarily enjoining appellants from picketing in any manner any premises occupied by the appellee for business purposes.

Appellants contend the trial court did not have jurisdiction of the subject matter of this action. Hence, the trial court granting a temporary injunction was contrary to law.

In answer, appellee, as shown in its brief at page 6, contends that "The jurisdiction of an Indiana court to enforce the positive policy declared by the State Legislature is not ousted or preempted by the National Labor Relations Act", 29 U.S.C.A., §151 *et seq.*

A consideration of the evidence is necessary for a determination of the question presented.

From the record it appears that appellee, John C. Groub Company, Inc., owns and operates Jay-C Stores in southern Indiana, the same being grocery stores. It conducts a wholesale operation in Seymour, Jackson County, Indiana, receiving shipments of goods and supplies at its warehouse, and thence making shipments therefrom to retail stores aforesaid.

In August, 1956 a representative of Teamster Local Union No. 89 based at Louisville, Kentucky, contacted appellee and discussed the matter of representing the warehouse employees of the appellee. Applications for

membership therein were signed by some of the employees. Shortly thereafter Teamster Local Union No. 89 deferred and relinquished its activities in favor of Local 135, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, in the matter of representing the employees of the appellee at its warehouse in Seymour. Said Local 135 is an unincorporated association known as a labor union, and the named individual appellants are officers and members thereof. Certain of the individual appellants were engaged in behalf of said Union in procuring its recognition as the bargaining agent representing the employees of appellee's Seymour warehouse. Prior to October 8, 1956, the individual appellants, excepting Fred Lammert and Sherman Burnett, were employed by appellee at its Seymour warehouse. Twenty-six or twenty-eight employees were involved, including warehousemen and truck drivers.

On October 8, 1956, thirteen employees went on strike against appellee and began picketing the warehouse. Said employees have remained on strike against the appellee, and with the exception of the time that a restraining order without notice was in effect, said thirteen employees of the appellee continued to picket the warehouse of the appellee in Seymour from said date of October 8, 1956, to and including February 6, 1957, on which date the trial court issued the temporary injunction herein.

On September 7, 1956, said Local Union No. 135 filed a petition with the National Labor Relations Board at Indianapolis, Indiana, in which Local Union No. 135 stated, among other things, that the appellee, John C. Groub Company, was engaged in the wholesale grocery business; that all truck drivers and

warehousemen employed at the warehouse, consisting of twenty-seven employees, constituted an appropriate unit for collective bargaining purposes; that a substantial number of employees involved wished to be represented for purposes of collective bargaining by the union; and that the union desired to be certified as the representative of said employees for purposes of collective bargaining pursuant to §9 (a) and (c) of the National Labor Relations Act. The appellee was notified by the National Labor Relations Board as to the filing of said petition by the union and, among other things, requested appellee to return to the Board a certain questionaire forwarded to the appellee by the Board. Said questionaire was completed and returned by appellee to the Board and therein the appellee admitted among other things, that it did not have a subsidiary or operating division of the company operating in more than one state and that the approximate value of goods shipped during 1956 to the warehouse in Seymour from points outside of the state was in excess of $500,000.00. On September 18, 1956, a meeting or conference was held in the office of the Board attended by a representative of the appellee, a representative of the union, and a representative of the Board. The representative for the Board drew up a "Stipulation for Certification Upon Consent Election" and an "Agreement for Consent Election" which were signed by a representative of the union but not by the appellee.

On Monday, October 8, 1956, the union and some employees of the appellee commenced picketing the warehouse of the appellee at Seymour. On October 11th the appellee received a notice from the Board

that the petition which had been filed by Local Union No. 135 for an election and certification had been withdrawn by the union and that a hearing which had been scheduled with respect to said petition of the union for October 12th had been cancelled. This was the last notice and communication which the appellee had received from the Board or the union.

The picketing continued to October 11th at which time the trial court issued its restraining order without notice. Thereafter, on October 17, 1956, the trial court issued a temporary injunction, restraining appellants from violence, or threats of violence of any kind or character, but therein specifically granting to appellants "the right of lawful and peaceable picketing, individually or collectively, in reasonable numbers, and the additional right to further their own interests by any and all lawful and peaceable means of persuasion."

Thereafter, on or about October 18, 1956, the appellants again began to picket the warehouse of the appellee at Seymour, and also on various occasions picketed several of the grocery stores in Seymour and surrounding cities in southern Indiana. The picketing caused the appellee some financial loss on the operation of its warehouse in Seymour, and some loss resulted from the picketing of some of the Jay-C Stores.

On December 12, 1956, the appellee filed with the Board at Indianapolis an Unfair Labor Practice Charge against Teamster Local Union No. 135, which said charge, among other things, alleged that the union had engaged in unfair labor practices within the meaning of §8(b) (4) (A) and (B) of the National Labor Relations Act, and that these unfair labor practices are unfair labor practices affecting com-

merce within the meaning of the Act, and that the union was engaging in such unfair labor practices for the purpose of forcing and requiring said John C. Groub Company, Inc., to recognize and bargain with said Local Union No. 135 as representative of its employees, notwithstanding said Local Union No. 135 had never been certified as representative of the employees of said Company. The Unfair Labor Practice Charge as filed by the appellee against the union, was still pending before the National Labor Relations Board at the time of the hearing on January 26, 1957, at which time the appellee applied for further injunctive relief.

On February 6, 1957, the trial court rendered its special finding of facts on the submission of the application for temporary injunction on the appellee's supplemental complaint, and ordered and adjudged that appellants be temporarily enjoined and restrained from in any manner picketing any premises occupied by the appellee for business purposes. On the same day the court, on its own motion, filed a "Memorandum Opinion" setting forth the factors considered by the court in reaching its decision in granting a temporary injunction. One significant paragraph of the Memorandum Opinion is as follows:

"It is likewise clearly evident, to the credit of the defendants, that since the granting of the preliminary injunction such picketing has been peaceable and entirely without violence."

It is the contention of the appellants that the appellee was engaged in interstate commerce within the meaning of the terms of the National Labor Relations Act, as amended, and that therefore the trial court was without jurisdiction to render the temporary injunction on February 6, 1957, as the United States Govern-

ment, through the enactment of the Labor Management Relations Act of 1947 has preempted and occupied the field of labor management relations that are involved in interstate commerce to the exclusion of the individual states. 29 U. S. C., §152 (2) (6) (7); §2 (2) (6) (7) of the National Labor Relations Act, as amended.

Another contention of appellants is that since the appellee made no effort whatsoever to resolve the labor dispute involved before coming into court for injunctive relief, under such circumstances the appellee was not entitled to any temporary injunctive relief under the express provisions of our statutory law and court decisions construing said law. §40-508, Burns' 1952 Replacement.

Further contention is that some of the appellants, being employees of the appellee, had the right to strike and to picket the premises of the appellee, as the right to strike on the part of workingmen is now well established, and the right to picket is a proper exercise of the right of free speech and peaceable assemblage. *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 75 N. E. 877; §40-504, Burns' 1952 Replacement; 29 U. S. C. A. §104.

Appellee alleges that the trial court's finding that the sole and only purpose of the picketing enjoined was to compel appellee to contract with appellant Union as representative of *all* appellee's warehouse employees, and thereby *interfere* with such employees in the designation of their own representative for the purpose of such contracting, shows picketing for a purpose prohibited by the positive law of Indiana, and under the law of Indiana appellee was entitled to the injunction granted. *Roth* v. *Local Union 1460 of Retail Clerks Union* (1940), 216 Ind. 363, 370, 24 N. E. 2d 280.

Another allegation of appellee is that the jurisdiction of an Indiana court to enforce the positive policy declared by the State Legislature is not ousted or preempted by the National Labor Relations Act, and the conduct here enjoined created no case of unfair labor practice under §8(b) of the National Labor Relations Act, as amended. 29 U. S. C. A., §158(b). Thus it is only where a strike is illegal under and preventable by the procedures of the Federal Act that remedy against it must be had in Federal Courts to the exclusion of state courts. Where unlawful conduct of strikers must be governable by the state or left entirely ungoverned, the state law and state courts retain their power unimpaired.

For reasons hereinafter set forth we are unable to agree with the contention of the appellee.

The evidence clearly shows, and the trial court so held as heretofore quoted, that since the granting of the preliminary injunction the picketing had been peaceable and without violence.

Furthermore, the record also shows that appellee was engaged in interstate commerce within the meaning of the terms of the National Labor Relations Act, as amended. Hence, the United States Government has preempted and occupied the field of labor management relations to the exclusion of the individual states.

We submit an Indiana case, an Illinois case, and a decision of the United States Supreme Court to fully substantiate our opinion in favor of the appellants in the case at bar.

The facts disclosed in the case at bar closely parallel and are analogous to the facts disclosed in *Retail Clerks Inter. Ass'n* v. *John C. Groub Co.* (1958), 129 Ind. App. 15, 149 N. E. 2d 837 (transfer denied).

We hold that the fundamental principles of law ably set forth therein by Judge Royse are applicable in the case at bar.

We likewise refer to the case of *Jersey County Motor Co. v. Local Union No. 525, etc.* (1959), 21 Ill. App. 2d 38, 156 N. E. 2d 633, wherein the action was to enjoin picketing, and is also an analogous case to the case at bar. From a decree by the trial court permanently enjoining defendants (appellants) from picketing the business and premises of plaintiff (appellee) an appeal was taken. The Appellate Court found that "the picketing was carried on in a peaceful manner and was not *en masse.*" The learned Presiding Justice Roeth concluded his opinion with this paragraph:

> "We conclude that the Circuit Court of Jersey County was without jurisdiction to enter the decree appealed from. When it appeared that plaintiff's business was one affecting interstate commerce and that defendants were insisting upon the doctrine of pre-emption, the Circuit Court should have dismissed the complaint for want of equity, in the absence of any facts giving rise to the exercise of the police power by the state."

Lastly we cite a per curiam opinion of the Supreme Court of the United States, *Hotel Employees Union, Local No. 255 v. Sax Enterprises, Inc.* (1959), 358 U. S. 270, 79 S. Ct. 273, 3 L. Ed. 2d 289, in a consolidation of cases on writs of certiorari to the Supreme Court of Florida. These cases all concerned the power of the courts of Florida, to enjoin organizational picketing at twelve Florida resort hotels. The Florida Supreme Court, in identical per curiam opinions, affirmed the trial court in the issuance of permanent injunctions against the picketing. The Supreme Court of the United States, in reversing the

Florida Supreme Court, held that the Florida courts were without jurisdiction to enjoin the organizational picketing, whether it was activity protected by §7 of the National Labor Relations Act, as amended, 29 U. S. C. §157, or prohibited by §8(b) (4) of the Act, 29 U. S. C., §158(b) (4).

For the reasons given above the Jackson Circuit Court had no jurisdiction to act on the question which appellee sought to present by its complaint.

This cause is, therefore, remanded to the said Jackson Circuit Court with instructions to dissolve the temporary injunction, and for further proceedings in accordance with this opinion as herein expressed.

NOTE.—Reported in 157 N. E. 2d 836.