CARROLL, CHAS., Judge
(dissenting).
I respectfully dissent from the majority judgment of affirmance. This is an interlocutory appeal from an order denying a motion to enjoin the appellee from picketing the appellant’s place of business. The appellee, union notified the company by telephone and by letter that it claimed to be a representative of the appellant’s employees and requested recognition as their bargaining agent. The objects of such bargaining were not disclosed. An appointment made for negotiation was broken by the company, which changed attorneys on that day. Without seeking a further appointment for negotiations, the appellee, the next day, petitioned the National Labor Relations Board to hold an election. Such election was not held because the Board replied it did not have jurisdiction. Without further notice, the appellee began the picketing.
Such picketing, assuming it was only for recognition of the union as bargaining agent, appears to have been unlawful because the required preliminaries were not complied with. Sax Enterprises, Inc. v. Hotel Employees Union, Fla.1955, 80 So.2d 602, 603-604, reversed on other grounds, infra., 358 U.S. 270, 79 S.Ct. 273, 3 L.Ed. 2d 289; Boca Raton Club v. Hotel Employees Union, Fla.1955, 83 So.2d 11, 16. No competent substantial evidence was presented, before the picketing (Boca Raton Club v. Hotel Employees Union, supra; Fontainebleau Hotel Corp. v. Hotel Employees Union, Fla.1955, 92 So.2d 415, 418), to show appellee represented some of appellant’s employees; the letter and telephoned notice to appellant did not disclose the purpose or purposes of the desired bargaining; and a fair opportunity to engage in negotiations was not supplied (one broken appointment, incident to appellant’s change of counsel, did not excuse appellee from making a real and substantial effort to negotiate). The N.L.R.B. refused to hold an election, disclaiming jurisdiction. See Hotel Employees Union Local No. 255 v. Sax Enterprises, 358 U.S. 270, 79 S.Ct. 273, 3 L.Ed.2d 289, subsequent to which there became effective a federal statute giving state courts jurisdiction upon such re *37 jection of jurisdiction by the N.L.R.B., 29 U.S.C.A. § 164(c). See Aaron, The Labor-Management Reporting and Disclosure Act of 1959, 73 Harv.L.Rev. 1086, 1097-1098 (1960).
Moreover, the picketing went beyond that designed to force recognition of the union as the bargaining agent of appellant’s employees. It sought and brought on a strike. The picket notice read “Employees of Plager Bros, on Strike for Better Hours, Wages and Working Conditions.” No labor dispute appears to have existed, and there had been no majority vote of the employees which is prerequisite to their striking under Florida law, § 447.-09(3), Fla.Stat., F.S.A.