DADE COUNTY PORT AUTHORITY v. FLIGHT ENGINEERS
INTERNATIONAL ASSOCIATION, E. A. L. Chapter, et al.
No. 62-C-10061.

Circuit Court, Dade County.

September 19, 1962.

James F. Eckhart, Miami, for plaintiff.

Holladay, Swann & Gardner, Miami, for defendants.

PHILLIP GOLDMAN, Circuit Judge.

This cause is before the court upon the plaintiff's application for a temporary injunction and the defendants' motion to dismiss. The gravamen of plaintiff's complaint is that neither it nor any of its contractors have a labor dispute with defendants and therefore any picketing of it or its contractors is for an unlawful purpose and constitutes unlawful picketing.

The defendants on the other hand urge that the subject matter is in an area preempted by the federal government and that therefore this court lacks jurisdiction to act.

After carefully considering the record and the authorities cited the court is of the opinion that the defendants are correct and must prevail.

In reaching this conclusion it should be noted that the record is devoid of any allegations or evidence of "violence, mass picketing or overt acts of coercion". Without these a state court under the circumstances here is powerless to act. Wood, Wire & Metal Lathers International Union v. Babcock Co., Fla. App., 132 So.2d 16. See also Hotel Employees Union, Local No. 255 v. Sax Enterprises, Inc., 358 U.S. 270, 79 S.Ct. 273, wherein the Supreme Court of the United States reversed the Supreme Court of Florida for reaching a contrary result.

Actually this case is controlled by the case of McMahon et al v. Milam Mfg. Co., 368 U.S. 7, 82 S.Ct. 16(4). In that case the Supreme Court of Mississippi (127 So. 2d 647) had ruled that the state courts had jurisdiction to outlaw an unlawful extension of picketing against innocent third parties and on appeal the Supreme Court of the United States summarily reversed citing one of its earlier "pre-emption decisions", San Diego Building Trades Council v. Garman, 359 U.S. 236, 79 S.Ct. 773.

As for the authorities cited by the plaintiff, the plaintiff apparently overlooks the fact that what constitutes "unlawful picketing" which is subject to being outlawed by the National Labor Relations Board (Local 761 International Union of Electrical Radio & Machine Workers, AFL-CIO v. National Labor Relations Board et al, 366 U.S. 667, 81 S.Ct. 1285) does not necessarily constitute "unlawful picketing" which may be subjected to the state's injunctive processes.

"It would appear now to be an established rule that a state court may not enjoin peaceful picketing where it is arguable that the activities complained of are within the purview of the Labor Management Relations Act." Wood, Wire & Metal Lathers International Union v. Babcock, Co., supra, citing the Supreme Court of the United States in San Diego Building Trades Council v. Garman, supra. Therefore this court lacks jurisdiction to grant the relief sought by the plaintiff.

It is accordingly ordered—(1) Defendants' motion to dismiss is hereby granted. (2) Plaintiff's application for a temporary injunction is hereby denied.