ANSTEAD, Judge,
specially concurring:
Article I, Section 6, of the Florida Constitution provides:
“The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged.”
For the most part, the federal government has exclusive jurisdiction over collective bargaining involving private employees. But the National Labor Relations Act, 29 U.S.C. 151, specifically excludes agricultural workers from its provisions. Therefore, the National Labor Relations Board is without jurisdiction to resolve disputes between agricultural workers and their employers. And while there is Florida legislation governing collective bargaining by public employees, there is no such legislation in the private sector.
The appellant, District Lodge 57 of the International Association of Machinists and Aerospace Workers, AFL-CIO, claims that the agricultural workers of this state are being deprived of their right to collective bargaining by virtue of the lack of specific legislation nationally or in this state, spelling out and enforcing their rights of collective bargaining as guaranteed by Article I, Section 6, Florida Constitution. Judicial implementation, including a mandatory injunction to compel the employer to bargain, of the right to collective bargaining was sought and property denied in the court below. However, the point raised is not without merit.
The appellee employer, Talisman Sugar Corporation, raises three grounds for denial of relief to the appellant. The first ground asserted is that Section 6 gives no right to collective bargaining to any group.[1] This assertion appears contrary to our Supreme Court’s statement describing the right to collective bargaining:
“It is a constitutionally protected right which may be enforced by the courts, if not protected by other agencies of government.”[2]
The Supreme Court was referring to the right of collective bargaining of public employees before legislation was enacted establishing guidelines for the enforcement of the right. But there can be little doubt the court found there were definite rights involved when the Legislature was challenged:
“The Legislature, having thus entered the field, we have confidence that within a reasonable time it will extend its time and study into this field and, therefore, judicial implementation of the rights in question would be premature at this time. If not, this court will, in an appropriate case, have no choice but to fashion such guidelines by judicial decree in such manner as may seem to the court best adapted to meet the requirements of the constitution, and comply with our responsibility.” [3]
The right to collective bargaining by agricultural workers is granted by the same Section 6 as relied on by the public employees.
As a second ground for denying the appellant relief the appellee appropriately relies on the Supreme Court’s decision in Dade County Classroom Teachers’ Ass’n., Inc. v. Legislature, quoted above, where a similar petition on behalf of public employees was denied by the court. The court ruled that the problem presented was one for legislative attention and not one for the courts.
And the third ground raised by the appel-lee also has merit. That is the claim that *64 the Supreme Court has specifically held that no right to act as the exclusive bargaining agent is granted the appellant under Section 6.[4]
On the basis of the latter two points, the petition was properly dismissed in the court below, and the arguments of the appellant should be directed to the appropriate legislative body, not the courts.

. In this proposition appellant relies on Miami Water Works, Local No. 654 v. City of Miami, 157 Fla. 445, 26 So.2d 194 (1946) which has been “explicitly disaffirmed” by the Florida Supreme Court in Cannery, C., D., W. & A. Emp. v. Winter Haven Hosp., Inc., 279 So.2d 23 (Fia. 1973) at page 25. Another case relied on by appellant, Sax Enterprises v. Hotel Union, 80 So.2d 602 (Fla.1955), recognized a duty on the part of private employees to "afford to the employer á fair opportunity to engage in negotiations.” Surely, if the employees had a duty to bargain with the employer, the reciprocal duty would rest with the employer to bargain with the employees.

. Dade County Classroom Teachers’ Ass’n., Inc. v. Legislature, 269 So.2d 684 (Fla.1972).

. Dade County Classroom Teachers' Ass’n., Inc. v. Legislature, cited above.

. Dade County Classroom Teachers’ Ass’n., Inc. v. Ryan, 225 So.2d 903 (Fla.1969).